IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN ROBERT DEMOS, | ) | CIV. NO. 11-00491 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING *IN FORMA* |
| | ) | *PAUPERIS* APPLICATION AND |
| vs. | ) | DISMISSING CASE |
| | ) | |
| LAW OF THE SEA INSTITUTE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING *IN FORMA PAUPERIS* APPLICATION AND DISMISSING CASE**

Plaintiff John Robert Demos, a Washington state prisoner, has submitted a prisoner civil rights complaint and an *in forma pauperis* ("IFP") application. Plaintiff alleges that Defendant Law of the Sea Institute ("LOSI")[1] failed to use its "power, prestig[]e, and influence to sway the outcome of [Plaintiff's] criminal trial in his favor," thereby violating Plaintiff's constitutional rights. Compl., ECF No. 1 at 3. In his IFP application, Plaintiff clarifies that his suit involves a "Breach of Contract." ECF No. 3. Plaintiff seeks a new trial and compensation. Plaintiff concedes that LOSI is a private entity, but alleges that it is subject to suit in federal court under 42 U.S.C. § 1982.

_____

[1] LOSI has been affiliated with the University of California, Berkeley, since 2002. *See* Berkeley Law, avail. at http://www.law.berkeley.edu/1962.htm. LOSI describes itself as "an international consortium of scholars that has played a major part in studies of ocean law since the 1970s." *Id.*

## I. BACKGROUND

Plaintiff is well-known throughout the federal courts. *See* PACER Case Locator, http://pcl.upsci.uscourts.gov. To date, he has filed 685 civil actions or appeals. *Id.* He is under pre-filing review orders in the Western and Eastern Districts of Washington, the Washington state courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g., Demos v. Storrie*, 507 U.S. 290, 291 (1993). The United States District Court for the Western District of Washington, the district in which Plaintiff is incarcerated, has a standing order providing for the return without filing of any petition that Plaintiff files pursuant to §§ 1651, 2253, or 2254, unless the submission is accompanied by a filing fee. *See Demos v. Weidman*, No. 2:11-CV-00274, Report and Recommendation, ECF No. 2, (W.D. Wash., Feb. 9, 2011); adopted Mar. 21, 2011, ECF No. 5. Additionally, Plaintiff is allowed to submit only three IFP applications and proposed actions each year in that court. *Id*.

On August 11, 2011, Plaintiff filed an identical case in the United States District Court for the District of Nevada, naming the "National Judicial College" rather than LOSI as Defendant. *See Demos v. Nat'l Judicial College*, No. 3:11-cv-00591 ECR (D. Nev., Aug. 11, 2011) (action dismissed Aug. 12, 2011, ECF No. 3).

## II. DISCUSSION

Plaintiff's action is subject to dismissal for numerous reasons. First, Plaintiff's allegations are not cognizable in a civil rights action because they challenge the validity of his conviction, and it is clear that his conviction and sentence have not been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

Second, Plaintiff does not explain why venue for this action lies in Hawaii, when neither he nor Defendant resides or is based in Hawaii, he was not convicted in Hawaii, and he is not incarcerated in Hawaii. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. §2241(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 433 (2004); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497 (1973) (a state prisoner's petition for writ of habeas corpus may be filed in the federal judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced).

Third, the court cannot consider Plaintiff's IFP application because it is incomplete; it contains neither a certification of funds by prison officials nor a copy of his prison trust fund activity for the past six months. *See* 28 U.S.C. § 1915(a)(2). Notably, Plaintiff does not allege that he is in imminent danger of serious physical injury, a circumstance that would allow him to avoid the prefiling orders issued by courts. *See* 28 U.S.C. § 1915(g) (restricting suit in any

federal court by a person who, on three or more prior occasions, while incarcerated or detained, has had actions or appeals dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted). Plaintiff is clearly on notice of § 1915(g)'s proscription on his filing of any complaint *in forma pauperis*. *See Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005) (allowing a court to consider court records of previous dismissals and requiring notice to the prisoner of these dismissals before denying IFP under § 1915(g)); *see also*, *Demos v. State of Washington*, No. 1:09-cv-1000 (D. Ill., Jun. 23, 2010); *Demos v. United States*, No. 1:08-cv-11366 (D. Mass. Aug. 14, 2008); *Demos v. Doe*, No. 3:00-cv-00824 (S.D. Cal, Jul. 20, 2000).

Fourth, Plaintiff's claims against LOSI are frivolous on their face. He provides no facts supporting his claims, and his claims are incoherent.

Fifth, neither the Complaint nor the IFP application is on a court-approved form, as required by local rule. See LR99.7.10(a) & (d).

### III. CONCLUSION

Plaintiff's Complaint is DISMISSED without prejudice. In light of Plaintiff's litigation history in this and many other federal courts, and the insubstantial nature of his claims, transfer of this action to the proper venue does not serve the interests of justice. *See* 28 U.S.C. § 1406(a). Plaintiff's *in*

4

*forma pauperis* application is DENIED pursuant to 28 U.S.C. § 1915(g) and as incomplete. The Clerk of Court is DIRECTED to enter judgment and to close this case. An appeal of this order would be frivolous and, therefore, not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 23, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Demos v. Law of the Sea Institute*, Civ. No. 11-00491 SOM/RLP; Order Denying *In Forma Pauperis Application* and Dismissing Case (psas/Screening/dmp/2011/Demos 11-491 SOM (dsm ftsc, friv, venue, 1915(g))